# EXHIBIT B

*Handwritten:* $ /29/18  1 444

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**FILED**
Superior Court of California
County of Los Angeles

MAY 09 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By _Brittny Smith_ , Deputy
Brittny Smith

**VIA FAX**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** REHABILITATION CENTER OF SANTA
MONICA HOLDING COMPANY GP, LLC; REHABILITATION CENTER OF
SANTA MONICA OPERATING COMPANY, LP; MARINER HEALTH CARE
MANAGEMENT COMPANY; SAVASENIORCARE, LLC;
SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC; MARINER
HEALTH CARE, INC; MARINER HEALTH CENTRAL, INC. AND NATIONAL
SENIOR CARE, INC. and DOES 1 THROUGH 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):** TERRY VALENTINE,
individually, and on behalf of all other similarly situated and/or aggrieved
employees of DEFENDANTS in the State of California,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of California, County of Los Angeles<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>(Número del Caso):<br>**BC 705072** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
GRAHAMHOLLIS, APC; Graham S.P. Hollis (SBN 120571) / Caroline Massey (SBN 259631)
3555 Fifth Avenue, Ste 200, San Diego, CA 92103, Tel 619 692-0800

| DATE:<br>(Fecha) | MAY 09 2018<br>SHERRI R. CARTER | Clerk, by<br>(Secretario) | _Brittny Smith_ | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): *Rehabilitation Center of Santa Mon ca Holding (company, &p, LP)*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☒ other (specify): **DELAWARE LIMITED LIABILITY COMPANY**

4. ☐ by personal delivery on (date):

*[SEAL: SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES]*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

10:21:00 2018-05-09

5/29/18
1444:

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* REHABILITATION CENTER OF SANTA
MONICA HOLDING COMPANY GP, LLC; REHABILITATION CENTER OF
SANTA MONICA OPERATING COMPANY, LP; MARINER HEALTH CARE
MANAGEMENT COMPANY; SAVASENIORCARE, LLC;
SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC; MARINER
HEALTH CARE, INC; MARINER HEALTH CENTRAL, INC. AND NATIONAL
SENIOR CARP, INC. and DOES 1 THROUGH 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):* TERRY VALENTINE,
individually, and on behalf of all other similarly situated and/or aggrieved
employees of DEFENDANTS in the State of California,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
Superior Court of California
County of Los Angeles

MAY 09 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By _____, Deputy
Britny Smith

VIA FAX

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Los Angeles Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):* BC 705072 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GRAHAM HOLLIS, APC; Graham S.P. Hollis (SBN 120577) / Caroline Massey (SBN 289891)
3555 Fifth Avenue, Ste 200, San Diego, CA 92103, Tel 619 692-0800

| | | |
|---|---|---|
| **DATE:** *(Fecha)* MAY 09 2018 | **SHERRI R. CARTER** Clerk, by *(Secretario)* _____ | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Rehabilitation Center of Santa Monica Operating Center

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

10:21:00 2018-05-09

5/29/18
1444

## SUMMONS
### *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* REHABILITATION CENTER OF SANTA
MONICA HOLDING COMPANY GP, LLC; REHABILITATION CENTER OF
SANTA MONICA OPERATING COMPANY, LP; MARINER HEALTH CARE
MANAGEMENT COMPANY; SAVASENIORCARE, LLC;
SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC; MARINER
HEALTH CARE, INC; MARINER HEALTH CENTRAL, INC. AND NATIONAL
SENIOR CARE, INC. and DOES 1 THROUGH 30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):* TERRY VALENTINE,
individually, and on behalf of all other similarly situated and/or aggrieved
employees of DEFENDANTS in the State of California,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Los Angeles

MAY 09 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By_____, Deputy
Britny Smith

VIA FAX

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. ¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | BC 705072 |

Superior Court of California, County of Los Angeles
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GRAHAM HOLLIS, APC: Graham S.P. Hollis (SBN 120577) / Caroline Massey (SBN 289831)
3555 Fifth Avenue, Ste 200, San Diego, CA 92103; Tel 619 692-0800

| DATE: | MAY 09 2018 | Clerk, by | _____ | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | SHERRI R. CARTER *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Mariner Health Care Management Company

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[X] other *(specify):* BUSINESS ENTITY, FORM UNKNOWN
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

10:21:00 2018-05-09

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** REHABILITATION CENTER OF SANTA
MONICA HOLDING COMPANY GP, LLC; REHABILITATION CENTER OF
SANTA MONICA OPERATING COMPANY, LP; MARINER HEALTH CARE
MANAGEMENT COMPANY; SAVASENIORCARE, LLC;
SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC; MARINER
HEALTH CARE, INC; MARINER HEALTH CENTRAL, INC. AND NATIONAL
SENIOR CARE, INC. and DOES 1 THROUGH 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** TERRY VALENTINE,
individually, and on behalf of all other similarly situated and/or aggrieved
employees of DEFENDANTS in the State of California,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
Superior Court of California
County of Los Angeles

MAY 09 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By _____ Brilly Smith _____ Deputy
Brittny Smith

VIA FAX

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of California, County of Los Angeles<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | CASE NUMBER:<br>(Número del caso): **BC 705072** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
GRAHAM HOLLIS, APC: Graham S.P. Hollis (SBN 120577) / Caroline Maszey (SBN 289691)
3555 Fifth Avenue, Ste 100, San Diego, CA 92103, Tel 619 692-0800

| | | |
|---|---|---|
| DATE:<br>(Fecha) **MAY 09 2018** | SHERRI R. CARTER | Clerk, by _____ Betty Smith , Deputy<br>(Secretario)                                    (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): _Mariner Health Care, Inc._

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

10:21:00 2018-05-09

5/29/18
1444

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**FILED**
Superior Court of California
County of Los Angeles

MAY 09 2018

Sherri R. Cruz, Executive Officer/Clerk of Court
By _____ Britny Smith _____ Deputy

VIA FAX

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** REHABILITATION CENTER OF SANTA
MONICA HOLDING COMPANY GP, LLC; REHABILITATION CENTER OF
SANTA MONICA OPERATING COMPANY, LP; MARINER HEALTH CARE
MANAGEMENT COMPANY; SAVASENIORCARE, LLC;
SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC; MARINER
HEALTH CARE, INC; MARINER HEALTH CENTRAL, INC. AND NATIONAL
SENIOR CARE, INC. and DOES 1 THROUGH 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** TERRY VALENTINE,
individually, and on behalf of all other similarly situated and/or aggrieved
employees of DEFENDANTS in the State of California,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. ¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: **CASE NUMBER: (Número del Caso):** BC 705072
(El nombre y dirección de la corte es):
Superior Court of California, County of Los Angeles
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
GRAHAMHOLLIS, APC; Graham S.P. Hollis (SBN 120577) / Caroline Massey (SBN 259891)
3555 Fifth Avenue, Ste 200, San Diego, CA 92103; Tel 619 692-0800

**DATE:** MAY 09 2018    Clerk, by _____ Britny Smith _____, Deputy
(Fecha)    SHERRI R. CARTER    (Secretario)    (Adjunto)
    Clerk, by

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Mariner Health Central, Inc.
    under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
    ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

10:21:00 2018-05-09

1 | GRAHAMHOLLIS APC
Graham S.P. Hollis (SBN 120577)
2 | ghollis@grahamhollis.com
Caroline G. Massey (SBN 299691)
3 | cmassey@grahamhollis.com
3555 Fifth Avenue Suite 200
4 | San Diego, California 92103
Telephone: 619.692.0800
5 | Facsimile: 619.692.0822

6 | Attorneys for Plaintiff Terry Valentine
and Aggrieved Employees

7



FILED
Superior Court of California
County of Los Angeles

MAY 09 2018

Sheri R. Carter, Executive Officer/Clerk of Court
By _____ Deputy
Brittny Smith

**VIA FAX**

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF LOS ANGELES

10 | TERRY VALENTINE, individually, and on behalf of all other similarly situated and/or aggrieved employees of DEFENDANTS in the State of California,

11 |

12 |

13 |                     Plaintiff,

14 |                        v.

15 | REHABILITATION CENTER OF SANTA MONICA HOLDING COMPANY GP, LLC; REHABILITATION CENTER OF SANTA MONICA OPERATING COMPANY, LP; MARINER HEALTH CARE MANAGEMENT COMPANY; SAVASENIORCARE, LLC; SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC; MARINER HEALTH CARE, INC; MARINER HEALTH CENTRAL, INC. AND NATIONAL SENIOR CARE, INC. and DOES 1 THROUGH 50, Inclusive,

16 |

17 |

18 |

19 |

20 |

21 |

22 |                    Defendants.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

Case No.: **BC 705072**

*Unlimited Civil*
*Amount Demanded Exceeds $25,000*

**COMPLAINT**

**INDIVIDUAL AND CLASS ACTION**
[Cal. Code Civ. Proc. § 382]

1. Failure to Provide Meal Periods Lab. Code §§ 512, 226.7, 1198 and IWC Wage Order 5-2001 § 11);

2. Failure to Authorize and Permit Rest Periods (Lab. Code §§ 226.7, 1198 and IWC Wage Order 5-2001 § 12);

3. Failure to Pay Minimum and Regular Wages (Lab. Code §§ 1194, 1197, 1198 and IWC Wage Order 5-2001 § 4);

4. Failure to Pay Overtime Wages (Lab. Code §§ 510, 1194, 1198 and IWC Wage Order 5-2001 § 3);

5. Failure to Failure to Maintain Accurate Records (Lab. Code § 1174(d) and IWC Wage Order 5-2001 § 7);

6. Failure to Provide and Maintain Accurate Itemized Wage Statements (Lab. Code §§ 226(a), 1198 and IWC Wage Order 5-2001 § 7);

7. Failure to Timely Pay Wages Due During Employment (Lab. Code §§ 204(a), 1198, and IWC Wage Order 5-2001 § 4);

8. Failure to Timely Pay All Wages Due Upon Separation of Employment (Lab. Code §§ 201, 202, 203);

23 |

24 |

25 |

26 |

27 |

28 |

1

INDIVIDUAL, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

9.      Violation of Business & Professions Code
        §§ 17200, *et seq.*; and

**REPRESENTATIVE ACTION FOR PAGA
PENALTIES [Labor Code § 2698 *et seq.*]**

10.     PAGA Claim for Civil Penalties (Lab. Code
        §§ 2698 *et seq.*

**DEMAND FOR TRIAL BY JURY**

Plaintiff TERRY VALENTINE ("Plaintiff"), individually and on behalf of herself and all other current and former similarly-situated and aggrieved employees of Defendants REHABILITATION CENTER OF SANTA MONICA HOLDING COMPANY GP, LLC REHABILITATION CENTER OF SANTA MONICA OPERATING COMPANY, LP; MARINER HEALTH CARE MANAGEMENT COMPANY; SAVASENIORCARE, LLC; SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC; MARINER HEALTH CARE, INC; MARINER HEALTH CENTRAL, INC. and NATIONAL SENIOR CARE, INC.:

I.

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.      Plaintiff brings this action as a Class Action pursuant to California Code of Civil Procedure § 382 on behalf of herself and other current and former similarly-situated and aggrieved employees of Rehabilitation Center of Santa Monica Holding Company GP, LLC, Rehabilitation Center of Santa Monica Operating Company, LP, Mariner Health Care Management Company, SavaSeniorCare, LLC, SavaSeniorCare Administrative Services, LLC, Mariner Health Care, Inc., Mariner Health Central, Inc., and National Senior Care, Inc. and DOES 1 through 50, inclusive (collectively referred to as "Defendants"). Plaintiff also brings this action against all Defendants as a representative action pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq.* ("PAGA") on behalf of herself and all other current and former aggrieved employees of Defendants. Plaintiff brings this action for: unpaid compensation for all hours worked, payment of minimum and overtime wages, compensation for meal and rest period violations, payment of wages due during and upon termination of employment, and statutory and civil penalties, interest and attorney's fees and costs, under California Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197,

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  1197.1, 1198, and 2698, *et seq.*, and specific enforcement of penalties and restitution of all benefits

2  Defendants enjoyed from their failure to pay minimum and overtime wages, failure to pay for all hours

3  worked, and failure to provide meal and rest periods. Plaintiff also brings this action for unfair competition

4  under Business and Professions Code §§ 17200 *et seq.* based on the labor code violations set forth above.

5       2.    At all relevant times, Rehabilitation Center of Santa Monica Holding Company GP, LLC,

6  Rehabilitation Center of Santa Monica Operating Company, LP, Mariner Health Care Management

7  Company, SavaSeniorCare, LLC, SavaSeniorCare Administrative Services, LLC, Mariner Health Care,

8  Inc., Mariner Health Central, Inc., and National Senior Care, Inc. acted as joint employers of Plaintiff.

9  Mariner Health Central, Inc. and Rehabilitation Center of Santa Monica Operating Company, LP caused

10  wage statements to be made to Plaintiff while Rehabilitation Center of Santa Monica Holding Company

11  GP, LLC, Rehabilitation Center of Santa Monica Operating Company, LP, Mariner Health Care

12  Management Company, SavaSeniorCare, LLC, SavaSeniorCare Administrative Services, LLC, Mariner

13  Health Care, Inc., Mariner Health Central, Inc., and National Senior Care, Inc. exerted substantial control

14  and direction over Plaintiff's job duties, hours, wages, working conditions, and suffered or permitted

15  Plaintiff to work. Further, Rehabilitation Center of Santa Monica Holding Company GP, LLC,

16  Rehabilitation Center of Santa Monica Operating Company, LP, Mariner Health Care Management

17  Company, SavaSeniorCare, LLC, SavaSeniorCare Administrative Services, LLC, Mariner Health Care,

18  Inc., Mariner Health Central, Inc., and National Senior Care, Inc. derived benefit from Plaintiff's work.

19       3.    Rehabilitation Center of Santa Monica Holding Company GP, LLC, Rehabilitation Center

20  of Santa Monica Operating Company, LP, Mariner Health Care Management Company, SavaSeniorCare,

21  LLC, SavaSeniorCare Administrative Services, LLC, Mariner Health Care, Inc., Mariner Health Central,

22  Inc., and National Senior Care, Inc. were either Plaintiff's employer or entities acting on behalf of

23  Plaintiff's employer within the meaning of Labor Code § 558, who violated or caused to be violated a

24  section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of

25  work in any order of the Industrial Welfare Commission and, as such, are subject to penalties for each

26  underpaid employee as set forth in Labor Code § 558.

27       4.    Rehabilitation Center of Santa Monica Holding Company GP, LLC, Rehabilitation Center

28  of Santa Monica Operating Company, LP, Mariner Health Care Management Company, SavaSeniorCare,

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1    LLC, SavaSeniorCare Administrative Services, LLC, Mariner Health Care, Inc., Mariner Health Central,
2    Inc., and National Senior Care, Inc. were either Plaintiff's employer or entities acting on behalf of
3    Plaintiff's employer within the meaning of Labor Code § 1197.1, who paid or caused to be paid to any
4    employee a wage less than the minimum fixed by an order of the commission and, as such, are subject to
5    the penalties for each underpaid employee as set forth in Labor Code § 1197.1, as well as restitution of
6    wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to
7    Labor Code § 203.

8          5.        Rehabilitation Center of Santa Monica Holding Company GP, LLC, Rehabilitation Center
9    of Santa Monica Operating Company, LP, Mariner Health Care Management Company, SavaSeniorCare,
10   LLC, SavaSeniorCare Administrative Services, LLC, Mariner Health Care, Inc., Mariner Health Central,
11   Inc., and National Senior Care, Inc. engaged in a systematic pattern of wage and hour abuse towards
12   Plaintiff and other current and former employees by denying them specific rights afforded to them under
13   California law, including the California Labor Code and rules promulgated by the Industrial Welfare
14   Commission ("IWC") Wage Orders. Plaintiff is informed and believes, and thereon alleges, that
15   Rehabilitation Center of Santa Monica Holding Company GP, LLC, Rehabilitation Center of Santa
16   Monica Operating Company, LP, Mariner Health Care Management Company, SavaSeniorCare, LLC,
17   SavaSeniorCare Administrative Services, LLC, Mariner Health Care, Inc., Mariner Health Central, Inc.,
18   and National Senior Care, Inc. decreased their employment-related costs at their facilities in order to
19   increase their level of productivity and profits by systematically violating both state wage and hour laws
20   and IWC Wage Orders including, but not limited to:

21          a.        Failure to provide compliant meal periods;
22          b.        Failure to authorize and permit compliant rest periods;
23          c.        Failure to pay all minimum and regular wages owed;
24          d.        Failure to pay all overtime wages owed;
25          e.        Failure to maintain accurate employment records;
26          f.        Failure to provide accurate itemized wage statements;
27          g.        Failure to timely pay wages due during employment; and
28          h.        Failure to timely pay all wages due upon separation of employment.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

4
**INDIVIDUAL, CLASS, AND REPRESENTATIVE ACTION COMPLAINT**

1 | By engaging in these and other acts, Defendants have not complied with California laws.

2 |      6.    Plaintiff brings this lawsuit against Defendants seeking restitution, injunctive relief, and
3 | monetary relief against Defendants Rehabilitation Center of Santa Monica Holding Company GP, LLC,
4 | Rehabilitation Center of Santa Monica Operating Company, LP, Mariner Health Care Management
5 | Company, SavaSeniorCare, LLC, SavaSeniorCare Administrative Services, LLC, Mariner Health Care,
6 | Inc., Mariner Health Central, Inc., and National Senior Care, Inc., and each of them, on behalf of Plaintiff
7 | individually and on behalf of all similarly-situated and aggrieved employees to recover, *inter alia*, unpaid
8 | wages, expenses, interest, liquidated damages, attorney's fees, damages, penalties, and costs pursuant to
9 | California Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 226, 226.3, 226.7, 510, 512, 558, 1174,
10 | 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, and 2698, *et seq.*; California Business and Professions Code §
11 | 17200, *et seq.*, and the provisions of IWC Wage Order 5-2001. Plaintiff reserves the right to name
12 | additional representatives throughout the State of California.

13 |                            **II.**

14 |      **PARTIES, JURISDICTION AND VENUE**

15 |      7.    Plaintiff is, and at all relevant times was, a resident of the County of Los Angeles, State of
16 | California. Plaintiff worked as a non-exempt employee from December 2016 to June 2017 performing
17 | various kitchen-related duties for Defendants in the position of Cook. At all relevant times, Defendants
18 | employed Plaintiff in the State of California, County of Los Angeles where she performed work as a Cook
19 | for Defendants at their Santa Monica location.

20 |      8.    The true names and capacities of the defendants named as DOES 1 through 50, inclusive,
21 | are presently unknown to Plaintiff. Plaintiff will amend this Complaint, setting forth the true names and
22 | capacities of these fictitiously named Defendants when they are ascertained. Plaintiff is informed and
23 | believes, and on that basis alleges, that each of the fictitiously named defendants has participated in the
24 | acts alleged in this Complaint.

25 |      9.    Rehabilitation Center of Santa Monica Operating Company, LP ("Operating Company")
26 | is a Delaware limited partnership with its headquarters located in Atlanta, Georgia, and doing business in
27 | California. Operating Company operates a private assisted living facility and rehabilitative center located
28 | in Santa Monica, California. Based on information and belief, Operating Company employs numerous

GrahamHollis APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

5

**INDIVIDUAL, CLASS, AND REPRESENTATIVE ACTION COMPLAINT**

1 │ individuals in the State of California, including Plaintiff and other non-exempt employees. Operating

2 │ Company employed Plaintiff from December 2016 through June 2017.

3 │       10.    Rehabilitation Center of Santa Monica Holding Company GP, LLC ("Holding Company")

4 │ is a Delaware Limited Liability Company with its headquarters located in Sparks, Maryland, and doing

5 │ business in California. Holding Company is the sole general partner of Operating Company which

6 │ operates a private assisted living facility and rehabilitative center located in Santa Monica, California. As

7 │ an employee of Operating Company from December 2016 through June 2017, Holding Company exerted

8 │ substantial control and direction over Plaintiff's job duties, hours, wages, working conditions, and suffered

9 │ or permitted Plaintiff to work. Further, Holding Company directly benefited from the work of Plaintiff

10 │ and other non-exempt employees of Operating Company.

11 │       11.    Mariner Health Care Management Company is a company with its headquarters located in

12 │ Sparks, Maryland, and doing business in California. Mariner Health Care Management Company is the

13 │ parent company of Operating Company and Holding Company and is responsible for the policies and

14 │ practices applicable to Claimant during her employment and to other similarly aggrieved employees. As

15 │ an employee of Operating Company from December 2016 through June 2017, Mariner Health Care

16 │ Management Company exerted substantial control and direction over Plaintiff's job duties, hours, wages,

17 │ working conditions, and suffered or permitted Plaintiff to work. Further, Mariner Health Care

18 │ Management Company directly benefited from the work of Plaintiff and other non-exempt employees of

19 │ Defendants.

20 │       12.    SavaSeniorCare, LLC, together with its parents, subsidiaries and affiliates, is a limited

21 │ liability company which provides short-term and long-term healthcare services, is headquartered in

22 │ Atlanta, Georgia, and does business in California. SavaSeniorCare, LLC is responsible for the policies

23 │ and practices applicable to Claimant during her employment and to other similarly aggrieved employees.

24 │ SavaSeniorCare, LLC exerted substantial control and direction over Plaintiff's job duties, hours, wages,

25 │ working conditions, and suffered or permitted Plaintiff to work. Further, SavaSeniorCare, LLC directly

26 │ benefited from the work of Plaintiff and other non-exempt employees of Defendants.

27 │       13.    SavaSeniorCare Administrative Services, LLC, together with its parents, subsidiaries and

28 │ affiliates, is a limited liability company which provides short-term and long-term healthcare services, is

GRAHAM HOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

INDIVIDUAL, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

1   headquartered in Atlanta, Georgia, and does business in California. SavaSeniorCare Administrative

2   Services, LLC is responsible for the policies and practices applicable to Claimant during her employment

3   and to other similarly aggrieved employees. SavaSeniorCare Administrative Services, LLC exerted

4   substantial control and direction over Plaintiff's job duties, hours, wages, working conditions, and suffered

5   or permitted Plaintiff to work. Further, SavaSeniorCare Administrative Services, LLC directly benefited

6   from the work of Plaintiff and other non-exempt employees of Defendants.

7       14.   Mariner Health Care, Inc., together with its parents, subsidiaries and affiliates, is a

8   company which provides health care services at assisted-living facilities and long-term acute-care

9   hospitals. Mariner Health Care, Inc. is headquartered in Atlanta, Georgia, and does business in California.

10  Mariner Health Care, Inc. is responsible for the policies and practices applicable to Claimant during her

11  employment and to other similarly aggrieved employees. Mariner Health Care, Inc.  exerted substantial

12  control and direction over Plaintiff's job duties, hours, wages, working conditions, and suffered or

13  permitted Plaintiff to work. Further, Mariner Health Care, Inc. directly benefited from the work of Plaintiff

14  and other non-exempt employees of Defendants.

15      15.   Mariner Health Central, Inc., together with its parents, subsidiaries and affiliates, is a

16  company which provides comprehensive operational, clinical, and administrative services to health

17  facilities. Mariner Health Central, Inc. is headquartered in Sparks, Maryland, and does business in

18  California. Mariner Health Central, Inc. is responsible for the policies and practices applicable to Claimant

19  during her employment and to other similarly aggrieved employees. Mariner Health Central, Inc. exerted

20  substantial control and direction over Plaintiff's job duties, hours, wages, working conditions, and suffered

21  or permitted Plaintiff to work. Further, Mariner Health Central, Inc. directly benefited from the work of

22  Plaintiff and other non-exempt employees of Defendants.

23      16.   National Senior Care, Inc., together with its parents, subsidiaries and affiliates, is a

24  company which provides health care services, including home rehabilitation and nursing facilities.

25  National Senior Care, Inc. is headquartered in Atlanta, Georgia, and does business in California. National

26  Senior Care, Inc. is responsible for the policies and practices applicable to Claimant during her

27  employment and to other similarly aggrieved employees. National Senior Care, Inc. exerted substantial

28  control and direction over Plaintiff's job duties, hours, wages, working conditions, and suffered or

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

7

1 | permitted Plaintiff to work. Further, National Senior Care, Inc. directly benefited from the work of
2 | Plaintiff and other non-exempt employees of Defendants.

3 |          17.      Based on information and belief, Mariner Health Central, Inc., Rehabilitation Center of
4 | Santa Monica Holding Company GP, Rehabilitation Center of Santa Monica, LP, and Mariner Health
5 | Care Management Company are subsidiaries of Mariner Health Care, Inc.

6 |          18.      Plaintiff is informed and believes and thereon alleges, that Defendants conduct business in
7 | the County of Los Angeles, State of California.

8 |          19.      Plaintiff was employed by Defendants and was subject to various employment policies,
9 | procedures, and practices implemented by Defendants.

10 |          20.      At all relevant times, Plaintiff and, on information and belief other similarly situated and/or
11 | aggrieved employees of Defendants, worked under various common policies, procedures, and practices
12 | implemented by Defendants.

13 |          21.      At all relevant times, Defendants acted as direct employers, joint employers, or entities
14 | acting on behalf of the employer(s) of Plaintiff. Rehabilitation Center of Santa Monica Holding Company
15 | GP, LLC, Rehabilitation Center of Santa Monica Operating Company, LP, Mariner Health Care
16 | Management Company, SavaSeniorCare, LLC, SavaSeniorCare Administrative Services, LLC, Mariner
17 | Health Care, Inc., Mariner Health Central, Inc., and National Senior Care, Inc., and DOES 1 through 50
18 | exerted substantial control and direction over Plaintiff's hours, wages, working conditions, job duties, and
19 | suffered or permitted Plaintiff to work. Further, all Defendants directly benefited from Plaintiff's work.

20 |          22.      Defendants' conduct, as herein alleged, occurred in the County of Los Angeles. Plaintiff is
21 | informed and believes, and thereon alleges, that Defendants are, and at all relevant times were, authorized
22 | to do business and did business in the State of California, and were "employers" as defined in and subject
23 | to the California Labor Code and Industrial Welfare Commission Wage Orders.

24 |          23.      Plaintiff and all similarly situated and/or aggrieved employees of Defendants are, and at all
25 | relevant times during the statutory period were, "employees" of Defendants within the meanings set forth
26 | in the California Labor Code and applicable Industrial Welfare Commission Wage Order.

27 |          24.      Plaintiff is an "aggrieved employee" within the meaning of Labor Code § 2699(c) because
28 | she was employed by Defendants and suffered one or more of the Labor Code violations committed by

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

8

1  Defendants.

2      25.    All Defendants, including DOES 1 through 50, inclusive, were Plaintiff's employers or

3  persons acting on behalf of Plaintiff's employer, within the meaning of California Labor Code §§ 558,

4  1197.1, who violated, or caused to be violated, a section of the California Labor Code or any provision

5  regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are

6  subject to penalties for each underpaid employee.

7      26.    Plaintiff is further informed and believes that, at all relevant times, Defendants, whether

8  named or fictitious, were the agent, employee, or other person acting on behalf of every other Defendant,

9  and, in participating in the acts alleged in this Complaint, acted within the scope of such agency or

10  employment and ratified the acts of the other.

11      27.    Each Defendant, whether named or fictitious, exercised control over Plaintiff's wages,

12  hours and/or working conditions.

13      28.    Each Defendant, whether named or fictitious, acted and/or ratified, in all respects pertinent

14  to this action, as the agent of the other Defendants, carried out a joint scheme, business plan or policy, in

15  all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

16      29.    Each Defendant, whether named or fictitious, was the alter ego of each of the other

17  Defendants at all relevant times herein.

18      30.    On information and belief, a unity of interest and ownership between each Defendant,

19  whether named or fictitious exists such that all Defendants acted as a single employer.

20      31.    Defendants conducted business throughout California, including within Los Angeles

21  County.

22      32.    This Court has jurisdiction over Plaintiff and all similarly-situated and aggrieved

23  employees' claims for meal and rest period violations under Labor Code §§ 226.7, 512.

24      33.    This Court has jurisdiction over Plaintiff and all similarly-situated and aggrieved

25  employees' claims for failure to pay minimum and regular wages under Labor Code §§ 1194, 1197.

26      34.    This Court has jurisdiction over Plaintiff and all similarly-situated and aggrieved

27  employees' claims for failure to pay overtime wages under Labor Code §§ 1194, 510.

28      35.    This Court has jurisdiction over Plaintiff and all similarly-situated and aggrieved

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

9
INDIVIDUAL, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

1 | employees' claims for failure to furnish timely and accurate wage statements under Labor Code § 226.

2 |     36.    This Court has jurisdiction over Plaintiff and all similarly-situated and/or aggrieved

3 | employees' claims for failure to pay all wages due upon separation of employment under Labor Code §§

4 | 201, 202.

5 |     37.    This Court has jurisdiction over Plaintiff and all similarly-situated and/or aggrieved

6 | employees' claims for injunctive relief, specific enforcement of penalties, and restitution of unpaid wages

7 | and other ill-gotten benefits arising from Defendants' unlawful and/or unfair business practices under

8 | Business & Professions Code §§ 17202, 17203.

9 |     38.    This Court has jurisdiction over Plaintiff and all aggrieved employees' claims for PAGA

10 | penalties under Labor Code § 2698, *et seq.*

11 |     39.    Plaintiff is informed and believes that the monetary damages and restitution requested

12 | herein for Defendants' conduct exceeds the minimum jurisdictional limits of the Superior Court.

13 |     40.    Venue as to each Defendant is proper in this Court, pursuant to Code of Civil Procedure

14 | §§ 395(a), 395.5 because Defendants maintain offices, transact business, and/or have an agent in Los

15 | Angeles County and Defendants are otherwise within this Court's jurisdiction for purposes of service of

16 | process. The unlawful acts alleged herein arose in Los Angeles County and have a direct effect on Plaintiff

17 | and other similarly-situated and/or aggrieved employees within the State of California and Los Angeles

18 | County. Defendants employ numerous individuals in Los Angeles County and throughout the State of

19 | California.

20 | **III.**

21 | **GENERAL ALLEGATIONS**

22 |     41.    California's Labor Code and Industrial Welfare Commission Wage Order 5-2001 requires

23 | employers, among other things, to provide compliant meal and rest periods, to pay each employee wages

24 | for all hours worked within the time prescribed by law, to pay minimum, regular, and overtime wages due

25 | and owing for all hours worked, to maintain accurate records, and to furnish each employee with accurate

26 | itemized wage statements.

27 |     42.    Plaintiff was employed by defendants from December 2016 to approximately June 2017.

28 | Plaintiff was classified as a non-exempt employee during her entire employment with Defendants. She

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

10

1    was subject to Defendants' employment practices during the course of her employment.

2         43.    Plaintiff and, on information and belief, other similarly situated and/or aggrieved
3    employees of Defendants, were subject to the same policies, practices, and procedures governing the
4    control and payment of wages and hours worked and were denied specific rights afforded to them under
5    the California Labor Code and applicable IWC Wage Order.

6         44.    Defendants have not provided meal periods, compliant under California law, to Plaintiff
7    and other similarly-situated and aggrieved, non-exempt employees in violation of Labor Code §§ 226.7,
8    512, 1198 and IWC Wage Order 5-2001. Defendants maintained an auto-deduct practice whereby 30-
9    minutes were automatically deducted and unpaid from each shift Plaintiff worked regardless of whether
10   or not Plaintiff was provided with a 30-minute off-duty meal period. Defendants' auto-deduct policy and
11   practice consistently underpaid Plaintiff and other non-exempt employees while also falsely representing
12   that Plaintiff and other employees were able to take compliant meal breaks. On information and belief,
13   Defendant's auto-deduct policy applied to all non-exempt employees and was not limited to the kitchen
14   staff.

15        45.    Defendants maintained a policy that all meals must be ready to serve by fixed times, and
16   that all kitchen staff be available at all times to serve. Due to the temporal proximity of meals that staff
17   were required to prepare and serve, Plaintiff and other non-exempt employees were not provided the
18   opportunity to take a compliant thirty-minute meal period. For example, Plaintiff and other non-exempt
19   employees had to start cleaning and preparing for lunch immediately after the breakfast service if they
20   were to remain on schedule for the day. Defendants did not provide adequate staff to allow Plaintiff and
21   other non-exempt employees to take a compliant meal break while complying with other strict policies
22   and procedures. Thus, Defendants did not provide non-exempt employees with an opportunity to take a
23   compliant meal period because its policies required Plaintiff and other similarly situated and/or aggrieved
24   employees work through their meal periods, even though the nature of the work did not permit on-duty
25   meal periods. Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees
26   of Defendants did not sign an on-duty meal period agreement at any point during their employment with
27   Defendants.  Therefore, Plaintiff was entitled to off-duty meal periods during each work period in excess
28   of five hours.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

11

46.    Defendants failed to authorize and permit rest periods to Plaintiff and other similarly-situated and aggrieved non-exempt employees in violation of Labor Code §§ 226.7, 1198 and IWC Wage Order 5-2001. Defendants did not provide rest periods in compliance with California law because the rest periods were not 10 minutes, duty free, paid, and/or timely provided because of work duties or lack of adequate personnel. Defendants failed to properly authorize and permit Plaintiff and other similarly situated and/or aggrieved employees of Defendants who worked shifts at least three and a half hours in a workday to take duty-free rest periods of at least 10 minutes for every four hour work period, or major fraction thereof, due to Defendants' policy that Plaintiff and other employees prioritize preparing and serving food over taking rest periods or meal periods. This policy failed to authorize and permit Plaintiff and other employees to take timely rest periods during their employment.

47.    Furthermore, Defendants failed to pay Plaintiff and other similarly situated and/or aggrieved employees a premium wage equivalent to one hour of pay at their regular rate of pay for all the times that Defendants failed to provide them with compliant meal or rest periods in accordance with the provisions of the applicable IWC Wage Order and Labor Code § 226.7.

48.    Defendants failed to pay Plaintiff and other similarly-situated and aggrieved employees regular, minimum, and overtime wages for all hours worked, in violation of Labor Code §§ 510, 1194, 1197, 1198. Plaintiff and, on information and belief, other similarly situated and aggrieved employees, worked without receiving minimum wages for all hours worked and without receiving all proper overtime wages for all hours worked after the eighth hour in a workday, forty hours in a workweek, or for all hours worked on the seventh consecutive day. Defendants only compensated Plaintiff and other similarly-situated and aggrieved employees for their scheduled hours of work. Plaintiff, and on information and belief other non-exempt employees, regularly arrived up to thirty minutes prior to their shift to begin prepping breakfast. Plaintiff, and on information and belief other non-exempt employees, were prohibited from clocking-in when work began and had to wait until her scheduled shift started. Defendants verbally reprimanded their employees, including Plaintiff, for attempting to clock-in at the time they began work rather than the time their shift was scheduled to begin. Defendants were aware that their employees performed work that was uncompensated in order to adhere to Defendants policies regarding the timing of food service. Despite receipt of complaints, Defendants did nothing to address concerns.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

12

INDIVIDUAL, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

49.     Defendants failed to pay Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees were not compensated for all overtime hours worked in violation of Labor Code §§ 510, 1198 because Defendants only paid Plaintiff and other similarly situated and/or aggrieved non-exempt employees for their scheduled hours of work and not their actual time suffered or permitted to work.

50.     Defendants intentionally and knowingly failed to provide Plaintiff and other similarly situated and/or aggrieved employees with timely and accurate itemized wage statements as required by Labor Code § 226 and the Records section of the applicable IWC Wage Order because Plaintiff and other similarly situated and/or aggrieved employees were not paid all compensation due and owing by Defendants, including all minimum, regular, and overtime wages and the wage statements furnished by Defendants, therefore, failed to include the correct total hours worked and amount of wages earned by Plaintiff and other similarly-situated and/or aggrieved employees. Further, Defendants provided itemized wage statements without all applicable rates of pay, including the applicable overtime rate of pay.

51.     Defendants failed to pay Plaintiff and other similarly situated and aggrieved employees all wages due during employment, in violation of Labor Code § 204. Defendants did not properly compensate for minimum wages, regular wages, overtime wages, and meal and rest period premiums.

52.     Defendants maintained a pattern and practice of failing to pay Plaintiff and other similarly-situated and/or aggrieved non-exempt employees all wages due and owing within the time specified by Labor Code §§ 201, 202 because Defendants failed to pay Plaintiff and other similarly-situated and/or aggrieved employees all wages due and owing at the time of termination of their employment. For example, at the time of Plaintiff's separation of employment with Defendants, Defendants did not provide Plaintiff with all wages due and owing for: all minimum and regular wages owed for all hours worked, all overtime hours that Defendants paid less than the actual overtime hours worked, and all meal and rest period premium wages owed.

53.     On information and belief, Defendants committed this wage and hour violations alleged in this complaint against Defendants' other similarly-situated and aggrieved employees in California.

54.     Based on the foregoing violations of the Labor Code and IWC Wage Order, Plaintiff alleges that Defendants have engaged in unfair business practices in California and willingly and

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  knowingly have practice, employed, and utilized employment patters and practices alleged in this
2  complaint in violation of Business & Professions Code §17200, *et seq.*

3                                          IV.

4  **THE LABOR CODE PRIVATE ATTORNEY GENERAL ACT OF 2004 REPRESENTATIVE**
5                            **ACTION DESIGNATION**

6       55.    Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

7       56.    The Causes of Action alleged herein are appropriately suited for a Labor Code Private
8  Attorneys General Act of 2004 ("PAGA") action because:

9       57.    This action involves allegations of violations of provisions of the Labor Code that provide
10  for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency
11  ("LWDA") or any departments, divisions, commissions, boards, agencies or employees, or for which a
12  penalty is provided for under Labor Code § 2699.

13      58.    Plaintiff is an "aggrieved employee" because she was employed by the alleged violators
14  and had one or more of the alleged violations committed against her.

15      59.    Plaintiff intends to seek PAGA penalties in a representative capacity on behalf of all
16  aggrieved employees of Defendants against whom one or more of the alleged violations was committed
17  and on behalf of the State of California.

18      60.    Pursuant to Labor Code § 2698 *et seq.*, Plaintiff has exhausted her administrative remedies
19  by serving via certified mail, the LWDA and Defendants with notification of her claims for wage and hour
20  violations and penalties. Plaintiff served her original notice on August 30, 2017. Plaintiff served her
21  amended notice on December 28, 2017 and her second amended notice on February 27, 2018.  On May
22  3, 2018, the 60-day period for the LWDA to provide notice to Plaintiff of its intent to investigate Plaintiff's
23  allegations expired. Therefore, Plaintiff has satisfied and exhausted the procedural notice requirement to
24  pursue penalties against Defendants pursuant to Labor Code § 2698 *et seq.* on behalf of herself and other
25  aggrieved non-exempt employees of Defendants in the State of California.

26      61.    Plaintiff has therefore satisfied the procedural notice requirement pursuant to Labor Code
27  § 2699.3. Therefore, Plaintiff has satisfied all the administrative requirements to pursue civil penalties
28  against Defendants pursuant to Labor Code § 2698, *et seq.*

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

62.    Plaintiff has filed this action pursuant to Labor Code §§ 2698, 2699(a) and (f), on behalf of herself and all other current and former aggrieved employees of Defendants to recover penalties. Said penalties include unpaid/underpaid wages which are to be paid to the affected employees pursuant to Labor Code §§ 558, 1197.1, in accordance with *Reynolds v. Bement*, 36 Cal.4th 1075, 1089 (2005), as well as *Thurman v. Bayshore Transit Management, Inc.*, 203 Cal. App. 4th 1112 (2012).

## V.

## CLASS ACTION DESIGNATION

63.    Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

64.    Plaintiff further brings Causes of Action One through Ten as a Class Action pursuant to California Code of Procedure § 382 on behalf of all persons affected by Defendants' Labor Code, Business and Professions Code § 17200 *et seq.*, and IWC Wage Order violations, as alleged herein.

65.    The **Non-Exempt Class** that Plaintiff seeks to represent is defined as follows:

All current and former non-exempt employees of Defendants who worked in the State of California at any time during the four years preceding the filing of this Complaint ("Non-Exempt Class").

66.    Plaintiff also seeks to represent the following subclass, defined as follows:

All members of the Non-Exempt Class, who performed work in the State of California, and who were not paid for all wages due at the time of the termination of employment, and whose employment ended at any time during the three years preceding the filing of this Complaint ("**Waiting Time Penalty Subclass**").

67.    **Reservations of Rights**: Pursuant to California Rules of Court Rule 3.765(b), Plaintiff reserves the right to modify the class or subclass definitions with greater specificity or further division into subclasses and/or limitation to particular issues.

68.    As to Causes of Action One through Ten, Plaintiff seeks to recover on behalf of the classes all remedies available to the extent permitted by law including, but not limited to, wages, damages, penalties, liquidated damages, interest, attorney's fees, costs, other monies due and owing and injunctive relief.

69.    Causes of Action One through Ten are appropriately suited for a class action pursuant to section 382 of the California Code of Civil Procedure because the following requirements are met:

///

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

15

a.   **Numerosity**. The potential classes as defined are significant in size because Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants employed numerous similarly-situated current and former employees in non-exempt roles who were subject to Defendants' uniform and common wage and hour practices and unlawful employment practices alleged herein. Based on the size of the potential classes, joinder of all employees would be impractical.

b.   **Commonality**. This action involves questions of law and fact common to the potential classes because the action involves Defendants' systematic course of illegal conduct with respect to violating the California Labor Code and IWC Wage Order 5-2001 and implementing company-wide policies that uniformly applied to all members within each of the classes as defined above. These questions include, but are not limited to:

i.    Whether Defendants failed to provide class members with uninterrupted and duty-free meal periods of at least thirty minutes for shifts over five consecutive hours;

ii.   Whether Defendants subject class members to an improper auto-deduct meal period policy during the entire class period;

iii.  Whether Defendants failed to authorize and permit Class Members to take uninterrupted, duty-free rest periods of at least ten minutes for every four hours worked, or major fraction thereof;

iv.   Whether Defendants failed to pay additional wages to class members when they were not provided with required meal or rest periods;

v.    Whether Defendants failed to pay class members all minimum and regular wages owed for all hours or fractions of an hour were suffered or permitted to work and/or remain under the control of Defendants;

vi.   Whether Defendants failed to pay class members all overtime wages owed for all hours that class members were suffered or permitted to work and/or remain under the control of Defendants in excess of eight hours a workday or 40 hours in a workweek;

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

16

vii.   Whether Defendants failed to properly and accurately record and maintain records of all hours worked and wages earned by class members;

viii.   Whether Defendants failed to provide class members with accurate itemized wage statements showing, among other items, the correct number of hours worked;

ix.   Whether Defendants failed to timely pay class members wages earned and owed during their employment; and

x.   Whether Defendants failed to timely pay class members for all final wages owned and earned upon separation of employment.

c.   **Typicality**.  Plaintiff's claims are typical of the claims of the classes because Plaintiff was subjected to the same violations of her rights under California law and seeks the same type of damages, restitution, and other relief on the same theories and legal grounds as those of the members of the classes she seeks to represent. Plaintiff is a member of the classes she seeks to represent.

d.   **Adequacy of Representation**. Plaintiff is able to fairly and adequately represent the interests of all members of the potential classes because it is in her best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to her and the class members for all back pay, benefits, and other relief afforded under the Labor Code and IWC Wage Order. Plaintiff's interests are not in conflict with those of the putative class members. Plaintiff's counsel are competent and experienced in litigating employment law class actions and other complex litigation matters, including wage and hour cases such as this case.

e.   **Superiority of Class Action**. Class treatment is appropriate because a class action is superior to other available means for the fair and efficient adjudication of these claims. Each putative class member has been damaged and is entitled to recovery by reasons of Defendants' illegal policies and practices as alleged herein. Class action treatment will allow those similarly-situated employees to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff knows of no difficulty that might be encountered in the management of this suit that would preclude

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

INDIVIDUAL, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

1   maintenance as a class action.

2                                        **VI.**

3                              **CAUSES OF ACTION**

4                          **FIRST CAUSE OF ACTION**
                    **FAILURE TO PROVIDE MEAL PERIODS**
5              (Violation of Labor Code §§ 226.7, 512, 1198)
           and the "Meal Periods" Section of IWC Wage Order 5-2001)
6    (Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against All Defendants)

7        70.    Plaintiff incorporates by reference the preceding paragraphs and makes them part of this

8    First Cause of Action, as though fully set forth herein.

9        71.    Plaintiff and members of the Non-Exempt Class are, and were, non-exempt employees of

10   Defendants within the meaning of the Labor Code and the IWC Wage Order 5-2001.

11       72.    Labor Code § 226.7 provides: "No employer shall require any employee to work during

12   any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

13       73.    Labor Code § 512(a) provides: "[a]n employer may not employ an employee for a work

14   period of more than five hours per day without providing the employee with a meal period of not less than

15   30 minutes, except that if the total work period per day of the employee is no more than six hours, the

16   meal period may be waived by mutual consent of both the employer and employee.  An employer may

17   not employ an employee for a work period of more than 10 hours per day without providing the employee

18   with a second meal period of not less than 30 minutes, except that if the total hours worked is no more

19   than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee

20   only if the first meal period was not waived."

21       74.    Labor Code § 1198 provides: "[t]he maximum hours of work and the standard conditions

22   of labor fixed by the Commission shall be the maximum hours of work and the standard conditions of

23   labor for employees.   The employment of any employee for longer hours than those fixed by the order or

24   under conditions of labor prohibited by the order is unlawful."

25       75.    IWC Wage Order 5-2001 § 11 provides, in part, that no employer shall employ any person

26   for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except

27   that when a work period of not more than six (6) hours will complete the day's work the meal period may

28   be waived by mutual consent of the employer and the employee.  IWC Wage Order 5-2001 §11(B)

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

18
**INDIVIDUAL, CLASS, AND REPRESENTATIVE ACTION COMPLAINT**

provides that if an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. IWC Wage Order 5-2001 §11(D) further provides that employees in the health care industry who work shifts in excess of 8 total hours in a workday may voluntarily waive their right to one of their two meal periods if a valid waiver is signed by the employee and the employer.

76.     Plaintiff and, on information and belief, members of the Non-Exempt Class, typically worked shifts longer than five hours a day and occasionally worked shifts in excess of ten hours without being provided at least 30-minute meal periods in which they were relieved of all duties, as required by Labor Code §§ 226.7(a), 512(a) and IWC Wage Order 5-2001 § 11.

77.     In addition, Defendants maintained an auto-deduct policy and practice whereby 30-minutes were automatically deducted and unpaid from each shift Plaintiff and other members of the Non-Exempt Class worked regardless of whether or not they were provided with a 30-minute off-duty meal period. Defendants' auto-deduct policy and practice consistently underpaid Plaintiff and other members of the Non-Exempt Class while also falsely representing that Plaintiff and other employees were able to take compliant meal breaks. On information and belief, Defendant's auto-deduct policy applied to all non-exempt employees, and was not limited to the kitchen staff.

78.     Further, Defendants maintained a policy that all meals must be ready to serve by the pre-determined breakfast and lunch times, and that all kitchen staff be available at all times to serve during the breakfast and lunch rush. Due to the temporal proximity of the two events, Plaintiff and other non-exempt employees were not provided the opportunity to take a compliant thirty minute meal period. For example, Plaintiff and other non-exempt employees had to start cleaning and preparing for lunch immediately after the breakfast service if they were to remain on schedule for the day.

79.     The nature of Plaintiff's work did not prevent her from being relieved of all job duties for a timely 30-minute off-duty meal period. Moreover, Plaintiff and on information and belief members of the Non-Exempt Class did not sign an on-duty meal agreement at any point during the tenure of their employment with Defendants. Therefore, Plaintiff was entitled to off-duty meal periods on each work period in excess of five hours.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

80.     In addition, Plaintiff and, on information and belief, members of the Non-Exempt Class, were not provided with a compliant second meal period when they worked shifts in excess of 10 or more hours in a workday.

81.     Pursuant to Labor Code § 226.7(b) and the applicable IWC Wage Order, Defendants shall pay Plaintiff and members of the Non-Exempt Class one additional hour of pay at each employees' regular rate of pay for each day that Defendants did not provide compliant meal periods.

82.     Defendants intentionally refused to perform their obligations to provide meal periods and Plaintiff and, on information and belief, members of the Non-Exempt Class were not compensated an additional hour of pay at their respective regular rate of compensation for each workday that Defendants did not provide compliant meal periods, as required by Labor Code § 226.7 and the Meal Period section of the IWC Wage Order 5-2001.

83.     Defendants intentionally refused to perform their obligations to provide meal periods and further failed to compensate Plaintiff and the Non-Exempt Class members for all meal premium wages as set forth by Labor Code § 226.7(b) and by Order of the Industrial Welfare Commission.

84.     Defendants are Plaintiff's and Non-Exempt Class members' employer or persons acting on behalf of their employer, within the meaning of Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provisions regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558 including the payment of underpaid wages to affected employees.

85.     As a result of Defendants failure to provide Plaintiff and members of the Non-Exempt Class with legally compliant meal periods, Defendants violated Labor Code§§ 226.7, 512, and 1198 and the "Meal Periods" section of the applicable IWC Wage Order.

86.     As a direct result of Defendants' violations alleged herein, Plaintiff and class members have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1    87.    Plaintiff, individually, and on behalf of the Non-Exempt Class seeks all available remedies

2  for Defendant' violations to the extent permitted by law including, but not limited to, all wages due,

3  penalties, monies, interest, attorney's fees, and costs to the extent permitted by law.

4       WHEREFORE, Plaintiff prays for relief as hereinafter requested.

5                          **SECOND CAUSE OF ACTION**

6                     **FAILURE TO PROVIDE REST PERIODS**

7    (Violation of Labor Code §§ 226.7, 1198 and the "Rest Periods" Section of IWC Wage Order 5-2001)
     (Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against All Defendants)
8

9    88.    Plaintiff incorporates by reference the foregoing paragraphs and makes them part of this

10  Second Cause of Action, as though fully set forth herein.

11   89.    Plaintiff and members of the Non-Exempt Class are/were non-exempt employees of

12  Defendants within the meaning of the Labor Code and IWC Wage Order 5-2001.

13   90.    Labor Code § 1198 states: "The maximum hours of work and the standard conditions of

14  labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor

15  for employees. The employment of any employee for longer hours than those fixed by the order or under

16  conditions of labor prohibited by the order is unlawful."

17   91.    Labor Code § 226.7(a) provides: "No employer shall require any employee to work

18  during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

19   92.    IWC Wage Order 5-2001 § 12(a) states that every employer shall authorize and permit all

20  employees to take rest periods, which insofar as practicable shall be in the middle of each work period.

21  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)

22  minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be

23  authorized for employees whose total daily work time is less than three and one-half (3 ½) hours.

24  Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from

25  wages.

26   93.    The Labor Code and IWC Wage Order 5-2001 prohibit employers from requiring

27  employees to work during required rest periods and require employers to pay non-exempt employees a

28  premium wage equivalent to one hour of pay at the employees' regular rate of pay on each workday that

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  the employee is not provided with the required rest period.

2      94.    Plaintiff and similarly-situated members of the Non-Exempt Class are, and at all relevant
3  times were, subject to the same policies, practices, and procedures governing rest periods.

4      95.    Plaintiff and similarly situated class members were not authorized and permitted to take
5  compliant rest periods because their work schedule did not allow time to take duty-free rest periods of at
6  least ten consecutive minutes. Defendants' policy prioritized strict policies and time schedules over taking
7  rest periods. Plaintiff and other members of the Non-Exempt Class were therefore required to work
8  through their rest periods. This policy failed to authorize and permit Plaintiff and other class members to
9  take timely rest periods during their employment.

10     96.    Defendants violated Labor Code § 226.7, 1198 and the IWC Wage Order when they failed
11 to authorize and permit full 10-minute, uninterrupted, duty-free rest periods for every four hours worked
12 (or major fraction thereof), including during work periods in excess of three and a half consecutive hours,
13 to Plaintiff and similarly situated Class Members, and failed to compensate Plaintiff and similarly situated
14 Class members one additional hour of pay at the employee's regular rate of compensation for each day
15 that the rest period was not authorized and permitted.

16     97.    Because Defendants failed to provide proper rest periods, they are liable to Plaintiff and
17 class members for one hour of additional premium pay at the regular rate of compensation for each
18 workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and IWC Wage
19 Order 5-2001 § 12(B). Defendants have a policy, pattern, and practice of failure to compensate Plaintiff
20 and the Non-Exempt Class, at an hour of their regular rate of pay for the times Plaintiff and the Non-
21 Exempt Class were not authorized to take rest periods of at least 10 minutes for each four hour work
22 period, or major fraction thereof, as required by IWC Wage Order 5-2001.

23     98.    Defendants have failed thus far to pay Plaintiff and class members all premium
24 compensation mandated by Labor Code § 226.7 and IWC Wage Order 5-2001 § 12(B) for missed rest
25 periods.

26     99.    As a direct result, Plaintiff and Class Members have suffered and continue to suffer,
27 substantial losses related to the use and enjoyment of such wages, including lost interest on such monies
28 and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1 | under state law, all to their respective damage in amounts according to proof at trial and within the

2 | jurisdictional limitations of this Court.

3 |     100.   Plaintiff seeks all available remedies for Defendants' violations including, but not

4 | limited to, all wages due, penalties, monies, interest, attorney's fees, and costs to the extent permitted

5 | by law.

6 |     WHEREFORE, Plaintiff prays for relief as hereinafter requested.

7 | **THIRD CAUSE OF ACTION**

8 | **FAILURE TO PAY MINIMUM AND REGULAR WAGES**
(Violation of Labor Code §§ 1194, 1197, 1198 and IWC Wage Order 5-2001 § 4)

9 | (Alleged by Plaintiff Individually and on Behalf of the Non-Exempt Class Against All Defendants)

10 |     101.   Plaintiff incorporates by reference the preceding paragraphs and makes them part of this

11 | Third Cause of Action, as though fully set forth herein.

12 |     102.   Plaintiff and the similarly-situated members of the Non-Exempt Class are/were non-

13 | exempt employees of Defendants in the State of California within the meaning of the Labor Code and

14 | IWC Wage Order 5-2001.

15 |     103.   Labor Code § 1194 provides in part that any employee receiving less than the minimum

16 | wage is entitled to recover in a civil action the unpaid balance of the minimum wage, including interest

17 | thereon, reasonable attorney's fees, and costs of suit.

18 |     104.   Labor Code§ 1197 provides that "[t]he minimum wage for employees fixed by the

19 | Commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum

20 | wage so fixed is unlawful."

21 |     105.   IWC Wage Order 5-2001 § 4 provides that an employer may not pay non-exempt

22 | employees less than the applicable minimum wage for all hours worked.

23 |     106.   IWC Wage Order 5-2001 defines the term "hours worked" as "the time during which an

24 | employee is subject to the control of an employer, and includes all the time the employee is suffered or

25 | permitted to work, whether or not required to do so...."

26 |     107.   Furthermore, Labor Code § 1198 provides that "[t]he maximum hours of work and the

27 | standard conditions of labor fixed by the Commission shall be the maximum hours of work and the

28 | standard conditions of labor for employees. The employment of any employee for longer hours than those

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  fixed by the order or under conditions of labor prohibited by the order is unlawful."

2  108. Defendants failed to compensate Plaintiff and other similarly-situated non-exempt
3  employees all wages owed because Defendants had a policy and practice of improperly shaving Plaintiff's,
4  and on information and belief, other non-exempt employees' work time. Defendants shaved compensable
5  time by paying its employees, including Plaintiff, for the time employees were scheduled to work instead
6  of the time employees actually spent at working under the direction and control of Defendants.

7  109. Labor Code §1194 provides that "[n]otwithstanding any agreement to work for a lesser
8  wage, any employee receiving less than the legal minimum wage or the legal overtime compensation
9  applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of
10  his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and
11  cost of suit."

12  110. Labor Code § 1194.2 allows an employee to recover liquidated damages in an amount
13  equal to the wages unlawfully unpaid and interest thereon for any action under Labor Code section 1194.

14  111. Further, Defendants' auto-deduct meal period policy also led to the systematic
15  underpayment of minimum wages by underpaying Plaintiff and other non-exempt employees for the time
16  they spent working through non-compliant meal periods.

17  112. Defendants violated Labor Code § 1194, 1197, 1198 and the applicable IWC Wage
18  Order when they paid Plaintiff and the Class Members less than minimum wage through their failure
19  to pay wages for all hours worked due to the policies detailed above.

20  113. As a direct result of Defendants' violations alleged herein, Plaintiff and class members
21  have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages,
22  including lost interest on such monies and expenses and attorney's fees in seeking to compel
23  Defendants to fully perform their obligations under state law, all to their respective damage in amounts
24  according to proof at trial and within the jurisdictional limitations of this Court.

25  114. Plaintiff seeks all available remedies for Defendants' violations including, but not
26  limited to, all wages due, penalties, monies, interest, attorney's fees, and costs to the extent permitted
27  by law.

28  ///

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

(Violation of Labor Code §§ 510, 1194, 1198 and the "Hours and Days of Work"
Section of the applicable IWC Wage Order 5-2001 § 3)
(Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against All Defendants)

115.   Plaintiff incorporates by reference the preceding paragraphs and makes them part of this Fourth Cause of Action, as though fully set forth herein.

116.   Plaintiff and the Non-Exempt Class members are or were non-exempt employees of Defendants within the meaning of the Labor Code and IWC Wage Order 5-2001.

117.   Labor Code § 510 provides in pertinent part that "[e]ight hours of labor constitutes a day's work.  Any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

118.   Labor Code § 1194 states in pertinent part that "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

119.   Labor Code §1198 states in pertinent part that "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

120.   IWC Wage Order 5-2001§ 3 provides that an employer may not pay non-exempt employees less than the applicable overtime rate for all overtime hours worked.

121.   The applicable Wage Order of the Industrial Welfare Commission requires every

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

25

employer, including Defendants, to pay to each non-exempt employee wages not less than one and one half times the regular rate of pay for an employee for any hours worked in excess of eight hours in one workday and any work in excess of 40 hours in one workweek and the first eight hours worked on the seventh day of work in any one workweek. Any work in excess of 12 hours in one day shall be compensated at a rate of no less than twice the regular rate of pay for an employee. Any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. The Wage Order also defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

122. In California, overtime is computed based on the regular rate of pay. The regular rate of pay includes many different kinds of remuneration, including hourly earnings, salary, piecework earnings, commissions, and non-discretionary bonuses, and the value of meals and lodging.

123. Plaintiff and members of the Non-Exempt Class regularly worked more than 8 hours a workday during their employment with Defendants; however, Plaintiff and members of the Non-Exempt Class did not receive all overtime compensation owed for all time suffered and permitted to work including, but not limited to, those hours worked in excess of eight in one workday or of forty in one workweek, as alleged herein. Because Defendants only paid Plaintiff and other similarly situated non-exempt employees for their scheduled hours of work and not their actual time suffered or permitted to work, Plaintiff and other similarly situated employees were not paid all overtime wages owed.

124. Further, Defendants' auto-deduct meal period policy also led to the underpayment of overtime wages because it did not count the time spent working during a meal period towards the daily hours worked when computing overtime hours.

125. As a direct result of Defendants' violations alleged herein, Plaintiff and members of the Non-Exempt Class have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

126. Plaintiff seeks all available remedies for Defendants' violations including, but not limited

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  to, all wages due, penalties, monies, interest, attorney's fees, and costs to the extent permitted by law.

2  WHEREFORE, Plaintiff prays for relief as hereinafter requested.

3  ### FIFTH CAUSE OF ACTION

4  ### FAILURE TO MAINTAIN ACCURATE RECORDS
(Violation of Labor Code § 1174, 1174.5 and IWC Wage Order 5-2001 § 7)
5  (Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against All Defendants)

6  127.   Plaintiff incorporates by reference the preceding paragraphs and makes them part of this

7  Fifth Cause of Action, as though fully set forth herein.

8  128.   Plaintiff and members of the Non-Exempt Class are/were "non-exempt" employees of

9  Defendants in California within the meaning of the Labor Code and IWC Wage Order 5-2001.

10  129.   Labor Code § 1174(d) mandates that "[e]very person employing labor in this state shall:

11  Keep, at a central location in the state or at the plants or establishments at which employees are

12  employed, payroll records showing the hours worked daily by and the wages paid to employees

13  employed at the respective plants or establishments. These records shall be kept in accordance with

14  rules established for this purpose by the commission, but in any case shall be kept on file for not less

15  than three years."

16  130.   Labor Code § 1174.5 further provides that "[a]ny person employing labor who willfully

17  fails to maintain accurate and complete records required by subdivision (d) of Section 1174, shall be

18  subject to a civil penalty of five hundred dollars."

19  131.   IWC Wage Order 5-2001 § 7(A)(3) states in pertinent part "Every employer shall keep

20  accurate information with respect to each employee including the following: …(3) Time records

21  showing when the employee begins and ends each work period.  Meal periods, split shift intervals and

22  total daily hours worked shall also be recorded."

23  132.   Through Defendants' conduct during the applicable statutory period including, but not

24  limited to, the conduct alleged herein, including that alleged on information and belief, Defendants

25  violated Labor Code § 1174 and IWC Wage Order 5-2001 when they failed to keep accurate

26  information and record each employees' hours and meal periods.

27  133.   As a direct result of Defendants' violations alleged herein, Plaintiff and Class Members

28  have suffered and continue to suffer substantial losses related to Defendants' failure to record and

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

27

1  maintain records of Class Members' hours and meal periods, including expenses and attorney's fees in

2  seeking to compel Defendants to fully perform their obligations under state law, all to their respective

3  damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

4      134.   Plaintiff seeks all available remedies for Defendants' violations including, but not limited

5  to, all wages due, penalties, monies, interest, attorney's fees, and costs to the extent permitted by law.

6      WHEREFORE, Plaintiff prays for relief as hereinafter requested.

7                          SIXTH CAUSE OF ACTION

8  FAILURE TO PROVIDE AND MAINTAIN ACCURATE ITEMIZED WAGE STATEMENTS

9              (Violation of Labor Code §§ 226, 1198 and IWC Wage Order 5-2001 § 7)
   (Alleged by Plaintiff Individually and On Behalf of the Non-Exempt Class Against All Defendants)
10

11     135.   Plaintiff incorporates by reference the preceding paragraphs and makes them part of this

12  Sixth Cause of Action, as though fully set forth herein.

13     136.   Labor Code § 226(a) requires that employers, including Defendants, accompany each wage

14  payment to employees with an accurate and itemized writing that shows gross wages earned, total hours

15  worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid,

16  the name of the employee and the portion of his or her social security number, the name and address of

17  the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the

18  corresponding number of hours worked at each hourly rate by the employee, among other information.

19     137.   Labor Code § 226(e), in part, permits employees suffering injury to collect the greater of

20  all actual damages or the amount specified in Labor Code § 226 per violation.

21     138.   Labor Code section 226(e)(2)(B) states, in pertinent part, "[a]n employee is deemed to

22  suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete

23  information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the

24  employee cannot promptly and easily determine from the wage statement alone one or more of the

25  following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or

26  any of the other information required to be provided on the itemized wage statement pursuant to items (2)

27  to (4), inclusive, (6), and (9) of subdivision (a)."

28     139.   The "Records" section of IWC Wage Order 5-2001 requires employers to furnish each

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or

2  separate, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period

3  for which the employee is paid; (3) the name of the employee of the employee's social security number;

4  and (4) the name of the employer, provided all deductions made on written orders of the employee may

5  be aggregated and shown as one item.

6      140.   Labor Code § 226(h) states, "[a]n employee may also bring an action for injunctive relief

7  to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

8      141.   Defendants knowingly and intentionally failed to provide Plaintiff and members of the

9  Non-Exempt Class with accurate itemized wage statements at each wage payment as required by Labor

10 Code § 226(a). Defendants knowingly and intentionally failed to provide Plaintiff and members of the

11 Non-Exempt Class with an accurate wage statement with each wage payment showing, among other

12 things, the correct number of hours worked during the pay period, the correct gross and net wages, and

13 the correct and/or applicable hourly rates of pay for the regular and overtime hours worked.

14      142.   Defendants' failure to provide accurate wage statements deprived Plaintiff and members

15 of the Non-Exempt Class of the ability to promptly and easily understand and question the calculation and

16 rate of pay and hours used to calculate the wages paid by Defendants.  Plaintiff and members of the Non-

17 Exempt Class, therefore, had no way to dispute the resulting miscalculation of wages, all of which resulted

18 in an unjustified economic enrichment to Defendants and Plaintiff and members of the Non-Exempt Class

19 suffered actual damages as a result of Defendants' failure to provide accurate wage statements.

20      143.   Defendants' failure to provide accurate itemized wage statements constitutes an injury as

21 defined under Labor Code § 226(e)(2)(B). Therefore, Plaintiff and members of the Non-Exempt Class are,

22 and were, aggrieved employees of Defendants that have suffered an injury for purposes of Labor Code §

23 226 and entitled to recover the greater of all actual damages or the amount specified in § 226 per violation.

24      144.   Plaintiff and members of the Non-Exempt Class suffered and continue to suffer injuries,

25 losses and actual damages as a direct result of Defendants' Labor Code violations, including lost interest

26 on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their

27 obligation, in an amount to be shown according to proof at trial.

28      145.   Plaintiff seeks all available remedies for Defendants' violations including, but not limited

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

to, all wages due, penalties, monies, interest, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

### SEVENTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES DUE DURING EMPLOYMENT

(Violation of Labor Code §§ 204(a), 1198
and the "Minimum Wages" Section of IWC Wage Order 5-2001)
(Alleged by Plaintiff Individually and On Behalf of the Non-Exempt Class Against all Defendants)

146.    Plaintiff incorporates by reference the preceding paragraphs and makes them part of this Seventh Cause of Action, as though fully set forth herein.

147.    Plaintiff and Class Members are/were "non-exempt" employees of Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

148.    Labor Code § 204(a) provides in pertinent part that "[a]ll wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

149.    Labor Code § 210 provides that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

150.    Labor Code § 1198 mandates that "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

151.    IWC Wage Order 5-2001 § 4(B) provides that "[e]very employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

152.   Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants failed to pay Plaintiff and members of the Non-Exempt Class (1) all wages due and owing and (ii) all wages due and owing by the time set forth pursuant to Labor Code § 204(a) and IWC Wage Order 5-2001 § 4(B) including, but not limited to, not paying all regular, minimum and overtime wages, and meal and rest premium wages.

153.   As a direct result of Defendants' violations alleged herein, Plaintiff and members of the Class have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

154.   Plaintiff seeks all available remedies for Defendants' violations including, but not limited to, all wages due, penalties, monies, interest, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## EIGHTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

(Violation of Labor Code §§ 201, 202, and 203)
(Alleged by Plaintiff Individually and On Behalf of the Waiting Time Penalty Subclass Against All Defendants)

155.   Plaintiff incorporates by reference the foregoing paragraphs and makes them part of this Eighth Cause of Action, as if fully set forth herein.

156.   Plaintiff and members of the Non-Exempt Class are/were non-exempt employees of Defendants within the meaning of the Labor Code and IWC Wage Order 5-2001.

157.   Labor Code § 201(a) provides that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

158.   Labor Code § 202 further mandates that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hour previous notice of his or her intention to

31
INDIVIDUAL, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding

2  any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to

3  receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing

4  shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours

5  of the notice of quitting."

6      159.    Labor Code § 203(a) states, in relevant part, "[i]f an employer willfully fails to pay without

7  abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an

8  employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the

9  due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall

10  not continue for more than 30 days."

11      160.    Plaintiff and the members of the Waiting Time Penalty Subclass separated employment

12  with Defendants at some point during the three years preceding the filing of this lawsuit.

13      161.    As a result of Defendants' conduct during the applicable statutory period including, but not

14  limited to, the conduct alleged herein, Defendants willfully failed to pay Plaintiff and members of the

15  Waiting Time Penalty Subclass all wages due and owing to them within the time required by Labor Code

16  §§ 201, 202 and 203 when Defendants failed to timely pay Plaintiff and Non-Exempt Class Members all

17  wages due and owing, including minimum wages, overtime wages, regular wages, meal premiums, and

18  rest premiums by the time specified by Labor Code §§ 201(a), 202(a), as applicable.

19      162.    At the time of Plaintiff's separation of employment with Defendants, Defendants did not

20  timely pay Plaintiff all wages due and owing, including, *inter alia*, minimum wages, regular wages,

21  overtime wages, and meal and rest period premium wages, as required by Labor Code § 201. To date,

22  Defendants have yet to pay Plaintiff and, on information and belief, all members of the Waiting Time

23  Penalty Subclass the wages due and owed to them.

24      163.    As a direct result of Defendants' violations alleged herein, Plaintiff and members of the

25  Waiting Time Penalty Subclass suffered, and continue to suffer, losses related to the use and enjoyment

26  of compensation due and owing to them as a result of Defendants' Labor Code violations, in an amount

27  to be shown according to proof at trial and within the jurisdictional limitations of this Court.

28  ///

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

32

1    164.    Plaintiff, individually, and on behalf of the Waiting Time Penalty Subclass seeks all

2    available remedies for Defendant' violations to the extent permitted by law.

3        WHEREFORE, Plaintiff prays for relief as hereinafter requested.

4                    **NINTH CAUSE OF ACTION**

5    **VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200, *ET SEQ*.**

6            (Alleged by Plaintiff Individually and On Behalf of the Non-Exempt Class

7                    Against Defendants and DOES 1 THROUGH 50)

8    165.    Plaintiff incorporates by reference the foregoing paragraphs and makes them part of this

9    Ninth Cause of Action, as if fully set forth herein.

10   166.    California Business & Professions Code section 17200, *et seq*. prohibits acts of unfair

11   competition, which include any "unlawful, unfair or fraudulent business act or practice…"

12   167.    Defendants' Labor Code and IWC Wage Order violations as alleged herein include, but

13   are not limited to: (i) failure to provide Plaintiff and members of the Non-Exempt Class compliant meal

14   periods; (ii) failure to authorize and permit Plaintiff and members of the Non-Exempt Class to take

15   compliant rest periods; (iii) failure to pay Plaintiff and the Non-Exempt Class for all time suffered or

16   permitted to work or under the control of Defendants; (iv) failure to provide Plaintiff and members of the

17   Non-Exempt Class accurate itemized wage statements; and (v) failure to pay Plaintiff and members of the

18   Waiting Time Penalty Subclass all wages due upon separation of employment.

19   168.    Defendants engaged in unlawful, unfair or fraudulent practices, including wage and hour

20   practices under the Labor Code and IWC Wage Orders, which, as alleged herein, constitute "unlawful,

21   unfair or fraudulent business act or practices" prohibited by the Business and Professions Code §§ 17200-

22   17208.

23   169.    Defendants intentionally avoided paying wages and their other financial obligations, which

24   created an artificially lower cost of doing business, enabling Defendants to secure a greater foothold in

25   the marketplace, all to the detriment of Plaintiff and members of the Non-Exempt Class. By lowering their

26   costs of doing business by paying Plaintiff and Non-Exempt Class Members an amount less than what is

27   required under the California Labor Code and Wage Order of the Industrial Welfare Commission,

28   Defendants unfairly forced Plaintiff and members of the Class to perform work without fair compensation

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

33

1 and benefits.

2    170.   At all relevant times, Defendants held themselves out to Plaintiff and members of the Class
3 as being knowledgeable and adhering to the employment laws of California, and Plaintiff and members
4 of the Non-Exempt Class relied on and believed Defendants' representations concerning Defendants'
5 alleged compliance with California wage and hour laws and their provisions of competitive pay to be true,
6 all to Plaintiff's and Non-Exempt Class members' detriment.

7    171.   Defendants' scheme to lower their payroll costs and profit by withholding money, wages,
8 compensation and benefits, which are the property of Plaintiff and the Class Members, in violation of the
9 California Labor Code and the IWC Wage Orders, as alleged herein, constitutes an "unlawful, unfair or
10 fraudulent business act or practice" under the California Business and Professions Code § 17200, *et seq.*,
11 *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 177-78 (2000).

12    172.   Business and Professions Code § 17204 provides for a private right of action as follows:
13 "[a]ctions for relief pursuant to this chapter shall be prosecuted...by... a person who has suffered injury
14 in fact and has lost money or property as a result of the unfair competition."

15    173.   Defendants have acquired money and property of the Plaintiff and the Class Members by
16 means of an unlawful practice that constitutes unfair competition as defined by section 17200. Thus,
17 Plaintiff and Class Members are persons in interest under Business and Professions Code § 17203 to whom
18 money and property should be restored.

19    174.   Business and Professions Code § 17203 states, in relevant part, that "any person may
20 pursue representative claims or relief on behalf of others only if the claimant meets the standing
21 requirements of Section 17204." Plaintiff is a person who suffered injury in fact and lost money, wages,
22 compensation, and benefits, as a result of Defendants' unfair competition.

23    175.   Pursuant to Business and Professions Code § 17203, 17204, Plaintiff may pursue
24 representative claims and relief on behalf of herself and the Class and "[t]he court may make such orders
25 or judgments, as may be necessary to restore to any person in interest any money or property, real or
26 personal, which may have been acquired by means of such unfair competition."

27    176.   Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and Class
28 Members by committing the unlawful acts alleged herein. Thus, Defendants must make restitution and/or

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  bc subject to other equitable relief pursuant to Business & Professions Code § 17203, and therefore, restore

2  all unpaid wages to Plaintiff and Class Members.

3      177.    Plaintiff and the Non-Exempt Class suffered and continue to suffer loss of wages and

4  monies, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court,

5  due to Defendants' unlawful business practices as alleged herein.

6      178.    Plaintiff seeks all available remedies on behalf of herself and on behalf of Class Members,

7  including, but not limited to, restitution of all wages all in an amount to be shown according to proof at

8  trial. All such remedies are cumulative of relief available under other laws, pursuant to Business &

9  Professions Code § 17205.

10     WHEREFORE, Plaintiff prays for relief as hereinafter requested.

11                    **TENTH CAUSE OF ACTION**

12            **PRIVATE ATTORNEYS GENERAL ACT (PAGA)**

13                    (Labor Code section 2698, *et seq.*)
   (Alleged by Plaintiff Individually and On Behalf of All Aggrieved Employees Against All Defendants)

14

15     179.    Plaintiff incorporates by reference the foregoing paragraphs and makes them part of this

16  Tenth Cause of Action, as if fully set forth herein.

17     180.    Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a

18  civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions,

19  boards, agencies or employees for violation of the code may, as an alternative, be recovered through a

20  civil action brought by an aggrieved employee on behalf of himself or herself and other current or former

21  employees pursuant to the procedures specified in Labor Code § 2699.3.

22     181.    Plaintiff is an "aggrieved employee" because she was employed by the alleged violator and

23  had one or more of the alleged violations committed against her, and therefore is properly suited to

24  represent the interests of other current and former non-exempt employees of Defendants.

25     182.    Pursuant to Labor Code § 2698 *et seq.*, Plaintiff has exhausted her administrative remedies

26  by serving via certified mail, the LWDA and defendants Operating Company and Holding Company with

27  notification of her claims for wage and hour violations and penalties. Notice was served on August 30,

28  2017 and specified wage and hour violations including the facts and theories to support each violation and

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1    penalties arising from the same. Thus, Plaintiff satisfied all the administrative requirements to pursue civil

2    penalties against Defendants pursuant to Labor Code § 2698, *et seq*.

3         183.    This cause of action involves allegations of violations of the Labor Code §§ 201, 202, 203,

4    204, 226(a), 226.7, 510, 512, 558 1174(d), 1194, 1197, 1197.1, and 1198, which, pursuant to Labor Code

5    section 2699.5, provides for a civil penalty to be assessed and collected by the LWDA or recovered

6    through a civil action brought by an aggrieved employee on behalf of himself or herself and other current

7    or former employees pursuant to the procedures specified in Labor Code section 2699.3.

8         184.    Pursuant to Labor Code § 2699(a), Plaintiff seeks civil penalties on behalf of herself and

9    all other aggrieved current and former employees of Defendants in California.

10        185.    For all provisions of the Labor Code for which a civil penalty is not specifically provided,

11   Labor Code § 2699(f) imposes upon Defendants, and each of them, a penalty of one hundred dollars

12   ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars

13   ($200.00) for each aggrieved employee per pay period for each subsequent violation.

14        186.    Defendants violated Labor Code §§ 226.7, 512 by failing to provide Plaintiff and aggrieved

15   employees lawfully compliant meal periods and by failing to pay meal period premium wages for each

16   day a meal period was not provided.

17        187.    Defendants violated Labor Code § 226.7 by failing to authorize and permit Plaintiff and

18   aggrieved employees to take duty-free rest periods and by failing to pay rest period premium wages for

19   each day a rest period was not provided.

20        188.    Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for

21   each aggrieved employee per pay period for the initial violation of Labor Code §§ 226.7, 512, and $200

22   for each aggrieved employee per pay period for each subsequent violation.

23        189.    Defendants violated Labor Code §§ 1194, 1197 by not paying Plaintiff and aggrieved

24   employees at least minimum and regular wages for all the time they were suffered or permitted to work,

25   engaged in work and/or under Defendants' control.

26        190.    Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for

27   each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee

28   per pay period for each subsequent violation.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

36

INDIVIDUAL, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

191.    Defendants violated Labor Code §§ 510, 1194, and 1198 by not paying Plaintiff and aggrieved employees all overtime wages earned for all the time they were suffered or permitted to work, engaged in work and/or under Defendants' control, as alleged herein. At all relevant times, Plaintiff and, on information and belief, other aggrieved employees, were not paid any overtime when they worked in excess of eight hours a day or forty hours in a workweek. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 510, 1194, and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

192.    Defendants violated Labor Code §§ 201, 202, and 203 by not paying Plaintiff and aggrieved employees all minimum, regular and overtime wages, and all meal and rest premium wages by the time set forth by law upon their separation of employment, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of these sections, and $200 for each aggrieved employee per pay period for each subsequent violation.

193.    Defendants violated Labor Code § 204 by not paying Plaintiff and aggrieved employees all minimum, regular and overtime wages, and all meal and rest premium wages by the time set forth by law during their employment, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a $100 civil penalty for each aggrieved employee per pay period for the initial violation of these sections, and $200 for each aggrieved employee per pay period for each subsequent violation.

194.    Defendants violated Labor Code §§ 226(a), 1174(d) by failing to maintain records detailing the start and end times of work shifts and meal periods, and knowingly and intentionally failing to maintain and provide Plaintiff and other aggrieved employees of Defendants wage statements itemizing accurately all information required by Labor Code §§ 226(a),1174(d), as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation.

195.    Labor Code § 226.3 provides that an employer shall be subject to a civil penalty in the amount of $250 per violation in an initial citation and $1,000 for each violation in a subsequent citation,

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  for which the employer fails to provide the employee a wage deduction statement or fails to keep the
2  records required in subdivision (a) of § 226.

3       196.    Labor Code § 1174.5 provides for a civil penalty of $500 for any person employing labor
4  who willfully fails to maintain records required by subdivision (c) of section 1174 or accurate and
5  complete records required by subdivision (d) of section 1174.

6       197.    Defendants are/ were Plaintiff's and aggrieved employees' employers or other person(s)
7  acting either individually or as an officer, agent, or employee of another person(s), who pays or causes to
8  be paid to any employee a wage less than the minimum fixed by an order of the Commission, and, as such,
9  are subject to penalties for each underpaid employee pursuant to Labor Code § 1197.1.

10      198.    Labor Code § 1197.1 imposes upon Defendants for each initial violation of wage and hour
11 laws a penalty of $100.00 for each underpaid employee for each pay period for which the employee is
12 underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages and
13 liquidated damages pursuant to § 1194.2.

14      199.    Furthermore, Labor Code § 1197.1 imposes upon Defendants for each subsequent violation
15 of wage and hour laws a penalty of $250.00 for each underpaid employee for each pay period for which
16 the employee was underpaid in addition to an amount sufficient to recover the underpaid wages and
17 liquidated damages pursuant to section 1194.2.

18      200.    Defendants are/were Plaintiff's and other aggrieved employees' employers, or persons
19 acting on their behalf, within the meaning of Labor Code § 558, who violated or caused to be violated, a
20 section of Part 2, Chapter 1 of the Labor Code or any provision regulating hours and days of work in any
21 IWC Wage Order and, as such, are subject to penalties for each underpaid employee as set forth in Labor
22 Code § 558.

23      201.    Pursuant to Labor Code § 558 and Labor Code § 2699(a), (f), Defendants are subject to a
24 civil penalty of $50.00 for an initial violation of Labor Code §§ 510, 512 and the "Hours and Days of
25 Work" section of the applicable IWC Order for each aggrieved employee, for each pay period for which
26 the aggrieved employee was not provided with a timely uninterrupted 30-minute meal period, an off-duty
27 10-minute rest period,  and all overtime wages for all hours worked, as alleged herein. The civil penalty
28 is in addition to an amount sufficient to recover the underpaid meal and rest premium and overtime wages,

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

38

1   which shall be paid directly to each affected employee. As set forth in *Thurman v. Bayshore Transit*

2   *Management*, 203 Cal. App. 4th 1112, 1153 (2012), the Hours and Days of Work section of the Wage

3   Orders also covers failure to provide rest periods and Plaintiff may therefore recover penalties under Labor

4   Code § 558.

5        202.    Furthermore, Labor Code § 558 imposes upon Defendants for each subsequent violation

6   of Labor Code §§ 510, 512 and the "Hours and Days of Work" section of the applicable IWC Order a

7   penalty of $100.00 for each aggrieved employee for each pay period for which the aggrieved employee

8   was not provided with a timely, uninterrupted 30-minute meal period, an off-duty 10-minute rest period,

9   and all overtime wages for all hours worked, as alleged herein. The civil penalty is in addition to an amount

10  sufficient to recover the underpaid meal and rest premium and overtime wages, which shall be paid

11  directly to each affected employee.

12        203.    Under Labor Code § 210(a), Defendants, in addition to, and entirely independent and apart

13  from any other penalty, are subject to a civil penalty for failing to pay the wages of each aggrieved

14  employee as provided in Labor Code § 204, as follows: (1) for any initial violation, one hundred dollars

15  ($100) for each failure to pay each aggrieved employee, (2) for each subsequent violation, or any willful

16  or intentional violation, two hundred dollars ($200) for each failure to pay each aggrieved employee, plus

17  25 percent of the amount unlawfully withheld.

18        204.    Defendants violated Labor Code § 1198 when they failed to comply with the maximum

19  hours of work and the standard conditions of labor fixed by the IWC under the "Hours and Days of Work,"

20  the "Meal Period," the "Rest Period" and the "Records" Sections of the applicable IWC Wage Order, by

21  failing to pay all minimum wages, failing to provide compliant meal or rest periods, failing to pay meal

22  or rest premium wages, and failing to keep and provide accurate records, as alleged herein. Thus, under

23  Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee

24  per pay period for the initial violation of Labor Code § 1198 and $200 for each aggrieved employee per

25  pay period for each subsequent violation of Labor Code § 1198.

26        205.    For bringing this action, Plaintiff is additionally entitled to attorney's fees and costs

27  incurred herein.

28  ///

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1   206.   Plaintiff seeks to recover civil penalties on behalf of herself and other aggrieved employees

2   for Defendants' violations of the Labor Code, including but not limited to Defendants' violations of Labor

3   Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1174(d), 1194, 1197, 1197.1, and 1198 pursuant to

4   Labor Code § 2698, *et seq.* The exact amount of the applicable penalty is an amount to be shown according

5   to proof at trial and within the jurisdictional limitations of this Court.

6       WHEREFORE, Plaintiff prays for relief as hereinafter requested.

7                           **PRAYER FOR RELIEF**

8       WHEREFORE, Plaintiff prays for judgment against Defendants for Plaintiff's PAGA

9   representative claims, as follows:

10      a.   For general damages;

11      b.   For special damages;

12      c.   For liquidated damages in an amount equal to the wages unlawfully unpaid and interest

13           thereon pursuant to Labor Code § 1194.2;

14      d.   For actual damages pursuant to Labor Code § 226(e);

15      e.   For an award of damages in the amount of unpaid compensation and monies including,

16           but not limited to actual damages, unpaid wages, overtime wages, minimum wages,

17           regular wages, waiting time penalties and other penalties according to proof, including

18           interest thereon;

19      f.   For reasonable attorney fees, cost of suit, and interest to the extent permitted by law,

20           including pursuant to Civil Code § 1021.5, Labor Code §§ 218.5, 218.6, 226, 1194, and

21           2698, *et seq.*

22      g.   For civil and statutory penalties to the extent permitted by law, including those pursuant

23           to the Labor Code, the Private Attorney General Act, and the Orders of the Industrial

24           Welfare Commission;

25      h.   For penalties for each initial and subsequent violation for each underpaid employee for

26           each pay period for which the employee was underpaid, and an amount sufficient to

27           recover the underpaid wages pursuant to Labor Code §§ 1197.1, 226.7, 510, 512 and

28           558;

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

40

**INDIVIDUAL, CLASS, AND REPRESENTATIVE ACTION COMPLAINT**

i.   For injunctive relief as provided by the Labor Code including but not limited to section 226(g) of the Labor Code, and Business and Professions Code § 17200, *et seq.*;

j.   For restitution as provided by Business and Professions Code § 17200, *et seq.*;

k.   For an order requiring Defendants to restore and disgorge all funds to Plaintiff acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and/or constituting unfair competition under Business and Professions Code §17200, *et seq.*;

l.   For an award of an additional hour of pay at the regular rate of compensation pursuant to Labor Code § 226.7(b) for each meal and rest period not in accordance with an applicable Order of the Industrial Welfare Commission;

m.   For penalties for each initial and subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages pursuant to Labor Code §§ 1197.1 and 558;

n.   For a declaratory judgment that Defendants have violated Labor Code §§ 201, 202, 203, 204, 226, 226.7, 227.3, 510, 512, 558, 1194, 1174, and the "Hours and Days of Work," "Minimum Wages," "Records" and "Meal Periods" sections of the Wage Order of the Industrial Welfare Commission;

o.   For pre and post-judgment interest; and

p.   For such other relief as the Court deems just and proper.

<u>**JURY TRIAL DEMAND**</u>

Please take notice that Plaintiff demands trial by jury on all Causes of Action.

Dated: May 7, 2018                    GRAHAMHOLLIS APC


                                      By: _Cgmassey_____
                                      GRAHAM S.P. HOLLIS
                                      CAROLINE G. MASSEY
                                      Attorneys for Plaintiff
                                      TERRY VALENTINE

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

41

INDIVIDUAL, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| GRAHAMHOLLIS, A.P.C. Graham S.P. Hollis, SBN 120577 Caroline Massey SBN 299691 3555 Fifth Avenue, Ste 200, San Diego, CA 92103 TELEPHONE NO. 619-692-0800    FAX NO. 619-692-0822 | **FILED** Superior Court of California County of Los Angeles |
| ATTORNEY FOR (Name): Plaintiff Terry Valentino | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles | MAY 09 2018 |
| STREET ADDRESS: 312 North Spring Street MAILING ADDRESS: 312 North Spring Street CITY AND ZIP CODE: Los Angeles, 90012 BRANCH NAME: Spring Street Courthouse | Sherri R. Carter, Executive Officer/Clerk of Court By_____ Deputy Braity Smith |

**VIA FAX**

| CASE NAME: Terry Valentino v. Rehabilitation Center of Santa Monica Holding, et al | |
|---|---|
| **CIVIL CASE COVER SHEET**   Complex Case Designation | CASE NUMBER: |
| [✓] Unlimited   [ ] Limited   [ ] Counter   [ ] Joinder (Amount   (Amount   demanded   demanded is   Filed with first appearance by defendant exceeds $25,000)   $25,000 or less)   (Cal. Rules of Court, rule 3.402) | **BC 705072** JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
   - c. [✓] Substantial amount of documentary evidence
   - d. [✓] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 10
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 7, 2018
Caroline Massey
_____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 (Rev. July 1, 2007) | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

10:47:09 2018-05-09

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE: Terry Valentine v. Rehabilitation Center of Santa Monica Inc. et al | CASE NUMBER: BC 705072 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

VIA FAX

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases — unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death ~ Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Terry Valentine v. Rehabilitation Center of Santa Monica Inc. et al | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Terry Valentine v. Rehabilitation Center of Santa Monica Inc. et al | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus<br>☐  A6152  Writ - Mandamus on Limited Court Case Matter<br>☐  A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment<br>☐  A6160  Abstract of Judgment<br>☐  A6107  Confession of Judgment (non-domestic relations)<br>☐  A6140  Administrative Agency Award (not unpaid taxes)<br>☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐  A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only<br>☐  A6040  Injunctive Relief Only (not domestic/harassment)<br>☐  A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment<br>☐  A6123  Workplace Harassment<br>☐  A6124  Elder/Dependent Adult Abuse Case<br>☐  A6190  Election Contest<br>☐  A6110  Petition for Change of Name/Change of Gender<br>☐  A6170  Petition for Relief from Late Claim Law<br>☐  A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Terry Valentine v. Rehabilitation Center of Santa Monica Inc. et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>1338 20th Street |
|---|---|

| CITY: Santa Monica | STATE: CA | ZIP CODE: 90404 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central Judicial__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 05/07/2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Clear

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

2018-MAY-09 13:52    From:12136207104        LASC-FAX FILING DEPT          Page:6/6

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL – CLASS ACTION
### 312 N. SPRING STREET COURTHOUSE

Case Number  BC 7 0 5 0 7 2

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 6 | 211 | | | | |
| Hon. William F. Highberger | 10 | 10 | | | | |
| Hon. John Shepard Wiley, Jr. | 9 | 9 | | | | |
| Hon. Kenneth Freeman | 14 | 14 | | | | |
| Hon. Ann Jones | 11 | 11 | | | | |
| Hon. Maren E. Nelson | 17 | 17 | | | | |
| Hon. Carolyn B. Kuhl | 12 | 12 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | Hon. Brian S. Currey | 15 | 15 |
| | | | | *Provisional complex (non-class action) case assignment pending complex determination | 12 | Supervising Judge 12 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ MAY 0 9 2018
(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

LACIV 190 (Rev 12/17)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06