UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-5701-GW(Ex) | Date | August 28, 2018 |
|---|---|---|---|
| Title | *Terry Valentine v. Rehab. Ctr. of Santa Monica Holding Co. GP, LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None Present   None Present

**PROCEEDINGS (IN CHAMBERS):**   **ORDER VACATING MOTION HEARING DATE; GRANTING MOTION; AND REMANDING ACTION**

On July 30, 2018, plaintiff Terry Valentine filed a motion to remand this action to Los Angeles County Superior Court. On the caption page of that motion, Plaintiff wrote **"NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT."** Docket No. 19-1, at 1:19; *see also* C.D. Cal. L.R. 7-15 ("Counsel may, with the consent of the Court, waive oral argument. . . . The Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules."). No oral argument is necessary here. The Court vacates the hearing date, grants the motion and remands the matter.

The Court has reviewed the Complaint filed in this action, the Notice of Removal, and the additional evidence defendants submitted with their opposition to this motion. As seemingly is always the case in wage-and-hour lawsuits attempting to find their way to federal court, violation rates are key to the calculations necessary to reach the $5,000,000, amount-in-controversy figure the Class Action Fairness Act ("CAFA") requires. Equally familiar to this Court (and to many others), defendants have merely attempted to read the tea leaves in various vague terms used in Plaintiff's Complaint – "systematic," "consistently," "regularly," "pattern and practice," "typically," and "policy and practice," *see* Complaint ¶¶ 5, 44, 48, 52, 76-77, 97, 108, 111, 123, and, as used in the context of satisfying class action pleading obligations, "uniform and common," "company-wide," "uniformly," and "typical," *id.* ¶ 69 – to discern a figure that they can "assume" represents the violation rate(s). This despite the fact that *there is no one-year limit* on diversity-based removals to federal court under CAFA. *See* 28 U.S.C. § 1453(b).

To be clear, this Court does not expect defendants to *prove Plaintiff's case for her* (as is often the response wage-and-hour defendants make when a court wants something more than total guesswork

:

Initials of Preparer   JG

REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5701-GW(Ex) | Date | August 28, 2018 |
|---|---|---|---|
| Title | *Terry Valentine v. Rehab. Ctr. of Santa Monica Holding Co. GP, LLC, et al.* | | |

from them). In fact, "proving the case" is irrelevant for amount-in-controversy determinations. As that phrase makes relatively clear, the issue is the amount that Plaintiff has put *in controversy* by filing her Complaint, not what the evidence will actually show. Faced with a vague pleading, it seems to this Court that the much-more-sensible route would be to try to pin Plaintiff down, *in state court* (with no one-year time-limit staring defendants in the face), with respect to what her allegations actually mean with respect to violation rates. Perhaps defendants do this by serving interrogatories or requests for admission, perhaps by deposition, perhaps by moving for a more definite statement. Perhaps they simply get Plaintiff to identify what she would say were the violation rates *for herself*, and then use that information as a sample to extrapolate out the calculation for the entire class.

Certainly, defendants have come forth with *some* relevant statistics (both in their Notice of Removal and their submission on this motion) regarding their workforce that would be covered by Plaintiff's proposed class. But what defendants cannot do is simply pull violation rates out of thin air, whether they characterize them as "conservative" or not, and conclusively state that they are "reasonable assumptions" about the most important variables involved in the necessary calculation. *See generally Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015). This is what they have done here.

District courts are all-over-the-map in deciding how to handle, and whether to accept, this type of approach to the problem. In this Court's view, defendants in this type of litigation will either have to change their approach along the lines the Court has suggested above, the Ninth Circuit will have to reconsider *Ibarra* and tell district courts to accept whatever number a defendant can imagine, or the Supreme Court or Congress will have to step in to clear up what has become a wasteful and silly, but routine, exercise in mathematical fantasyland.

Defendants have not satisfied their preponderance-of-the-evidence burden of demonstrating that this case presents a sufficient amount-in-controversy. This is true even if the Court *fully* credits defendants' calculations for Plaintiff's waiting time and wage statement claims (and adds attorneys' fees of 25% to that figure), which might be considered to be on *slightly* more solid footing so far as assumptions go.

As another district court within the Ninth Circuit similarly put it:

> [Defendants] offer no support for the assumptions they make regarding [the violation rate(s) aspect of] their respective amount in controversy calculations. Given that Defendants have not met their burden, it is not necessary for Plaintiff to come forward with evidence in support of his estimate of the amount in controversy. Where, as here, the evidence is in equipoise, i.e., no evidence on either side, "the scales tip against

| | : |
|---|---|
| Initials of Preparer | JG |

REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5701-GW(Ex) | Date | August 28, 2018 |
|---|---|---|---|
| Title | *Terry Valentine v. Rehab. Ctr. of Santa Monica Holding Co. GP, LLC, et al.* | | |

federal-court jurisdiction."

*See Vilitchai v. Ametek Programmable Power, Inc.*, No. 3:15cv1957-L(BLM), 2017 WL 875595, *4 (S.D. Cal. Mar. 6, 2017) (quoting *Ibarra*, 775 F.3d at 1199).

For the reasons stated herein, the Court grants Plaintiff's motion and remands the matter to the Superior Court for the County of Los Angeles.

:

Initials of Preparer   JG